UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NEXCESS.NET L.L.C., a Michigan limited liability company, and NOCWORX L.L.C., a Michigan limited liability company, <br><br> Plaintiffs, <br> vs. <br><br> CAROLINA INTERNET, LTD, a North Carolina corporation, and CARONET MANAGED HOSTING, INC., a North Carolina corporation. <br><br> Defendants. | Civil Action No. <br><br> Honorable <br><br> Magistrate Judge <br><br> **JURY DEMAND REQUESTED** |

## COMPLAINT

Plaintiffs Nexcess.net L.L.C. and NOCWorx L.L.C. complain and allege as follows against Defendants Carolina Internet, Ltd. and Caronet Managed Hosting, Inc.:

## THE PARTIES

1. Plaintiff Nexcess.net L.L.C. is a Michigan limited liability company having a principle place of business at 22005 Outer Drive, Suite 100, Dearborn, Michigan, 48124.

2. Plaintiff NOCWorx L.L.C. is a Michigan limited liability company having a principle place of business at 22005 Outer Drive, Suite 300, Dearborn, Michigan, 48124.

3. Defendant Carolina Internet, Ltd. is a North Carolina corporation having a place of business at 900 Center Park Drive, Suite A, Charlotte, North Carolina, 28217.

4. Defendant Caronet Managed Hosting, Inc. is a North Carolina corporation having a place of business at 900 Center Park Drive, Suite A, Charlotte, North Carolina, 28217.

5. Upon information and belief, Defendant Carolina Internet, Ltd. and Defendant Caronet Managed Hosting, Inc. are related companies, with common ownership, officers, and employees, including Michael White ("White"), identified in public records as the President of both Defendant Carolina Internet, Ltd. and Defendant Caronet Managed Hosting, Inc.

## JURISDICTION

6. This is a civil action arising under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Michigan law.

7. The Court has subject matter jurisdiction over the federal claims in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has supplemental jurisdiction over the state law claims in this Complaint pursuant to 28 U.S.C. § 1367(a) because they are so related to the claims in this action within the Court's original jurisdiction that they form the same case or controversy.

9. The Court has personal jurisdiction over the Defendants in that they have been engaged in substantial business and/or have committed tortious and infringing acts in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

11. In 2000, Chris Wells ("Wells") formed Plaintiff Nexcess.net L.L.C.

12. Shortly after, and while in Plaintiff Nexcess.net L.L.C.'s employ, Wells began developing a computer program to provide, among other things, client, server, network, and data center infrastructure management.

13. Between 2001 and 2002, Wells continued developing the computer program.

14. In 2003, Wells completed a first version of the computer program.

15. At about the same time, Plaintiff Nexcess.net L.L.C. began referring to the computer program as the **NOCWorx** computer program.

16. Starting in 2003 and continuing through to the present, Plaintiff Nexcess.net L.L.C. has marketed and promoted its **NOCWorx** computer program under the mark **NOCWorx**.

17. The **NOCWorx** computer program provides, among other things, client, server, network, and data center infrastructure management.

18. Plaintiff Nexcess.net L.L.C. applied for and received Copyright Registration No. TX 7-076-665 for the **NOCWorx** computer program. A copy of the Registration Certificate is attached to this Complaint as **Exhibit 1**.

19. On October 8, 2003, Plaintiff Nexcess.net L.L.C. licensed its **NOCWorx** computer program to Sago Networks, LLC ("Sago").

20. At the time, Sago's Chief Operating Officer was Adam Dillaplain ("Dillaplain").

21. In 2006, Dillaplain left Sago's employment and began working for Defendants as Vice President of Operations.

22. Dillaplain recommended that Defendants purchase a license from Plaintiff Nexcess.net L.L.C. to use the **NOCWorx** computer program.

23. In late 2006, Plaintiff Nexcess.net L.L.C. granted Defendants a non-exclusive license to use the **NOCWorx** computer program on a month-to-month basis.

24. In May of 2007, Plaintiff Nexcess.net L.L.C. began invoicing Defendants $500.00 per month as a licensing fee for using the **NOCWorx** computer program.  A copy of a May 1, 2007 invoice is attached to this Complaint as **Exhibit 2**.

25. In July 2007, Plaintiff Nexcess.net L.L.C. filed an application to federally register the mark **NOCWorx** with the United States Trademark Office ("Trademark Office") in International Class 9 for computer software for computer network and data center infrastructure management.

26. On May 13, 2008, the Trademark Office issued Plaintiff Nexcess.net L.L.C. a federal registration for its **NOCWorx** mark.

27. Plaintiff Nexcess.net L.L.C.'s federal registration for the **NOCWorx** mark is in full force and effect, and is unrevoked and uncancelled.  A copy of Plaintiff Nexcess.net L.L.C.'s federal registration for its **NOCWorx** mark is attached to this Complaint as **Exhibit 3**.

28. On August 1, 2007, Plaintiff Nexcess.net L.L.C. formed Plaintiff NOCWorx L.L.C. to, among other things, develop computer programs, and to market the **NOCWorx** computer program under the **NOCWorx** mark.

29. In late 2007, following additional developments to the **NOCWorx** computer program, Plaintiff Nexcess.net L.L.C. raised its licensing fee to Defendants to $2000.00 per month.

30.	Plaintiff NOCWorx L.L.C. applied for and received Copyright Registration No. TX 7-063-730 for the **NOCWorx** computer program (a/k/a NOCWorx ver. 3) which included the additional developments.  A copy of the Registration Certificate is attached to this Complaint as **Exhibit 4**.

31.	Defendants paid the $2,000.00 per month licensing fee for using the **NOCWorx** computer program without incident through July 2009.

## DEFENDANTS' UNLAWFUL ACTIVITIES

32.	Defendants did not pay the $2,000.00 per month licensing fees for using the **NOCWorx** computer program in August 2009, September 2009, or October 2009.

33.	 On October 8, 2009, Wells wrote to Defendants notifying them that the August, September and October 2009 invoices were overdue, "and payment is required to keep your NOCWorx license active…. If we can't clear this up in the next 7 days the NOCWorx license will be revoked."

34.	The same day, Defendants wrote back that a check for their August 2009 licensing fee had already been mailed, payment for September 2009 would be sent in the next two weeks, and payment for October 2009 would be provided the first week of November.

35.	In a later email, Defendants advised that they "sent a check today in the mail for the September invoice…. We plan to pay the October invoice at the end of October."

36.	Defendants further wrote that "We need to get a long term contract done for your services.  Please email me a contract or let me know how to go about getting this done."

37.     In response, on November 10, 2009, Wells emailed Defendants a document titled *NOCWorx Enterprise Software Licensing Agreement*. A copy of the Agreement is attached to this Complaint as **Exhibit 5**.

38.     Defendants did not make the October 2009 payment, and have not made a payment since.

39.     On December 7, 2009, Plaintiff NOCWorx L.L.C. sent Defendants a cease-and-desist letter.

40.     Per the letter, "As of December 4, 2009, your NOCWorx non-exclusive license to use the Software has been terminated due to non-payment in the amount of $4,000.00…. If you would like to continue using the Software, we require both payment of the outstanding invoices and the execution of a new licensing agreement for which proposals have already been provided." The letter continued:

> Until the above requirements have been met we demand you immediately cease and desist from using or referencing the Software and pay all outstanding and overdue invoices. Furthermore, we demand that you delete all copies of the Software and any supplemental information to which NOCWorx owns.
>
> Please confirm within 5 days of the reception of this letter that Carolina Internet is no longer using the NOCWorx' software, and that all copies have been destroyed. Absent a reply within this time, NOCWorx reserves the right to take legal action without further notice.

A copy of the cease and desist letter is attached to this Complaint as **Exhibit 6**.

41.     Defendants did not respond to the cease-and-desist letter.

42.     Moreover, Defendants have continued using the **NOCWorx** computer program, without the right, permission or authority of Plaintiffs Nexcess.net L.L.C. or NOCWorx L.L.C.

43. By way of example, Defendant Caronet Managed Hosting, Inc. owns the domain name <www.carohosting.com> which points to a website through which its clients access the Plaintiffs' **NOCWorx** computer program to order services. Defendant Caronet Managed Hosting, Inc. also provides its clients access to Plaintiffs' **NOCWorx** computer program via the URL <https:my//carohosting.com>. Attached to this Complaint as **Exhibit 7** is a copy of a WHOIS database search in which Defendant Caronet Managed Hosting, Inc. is identified as the owner of the <www.carohosting.com> domain name.

44. Similarly, Defendant Carolina Internet, Ltd. owns the domain name <www.caro.net> which points to a website through which its clients also access the Plaintiffs' **NOCWorx** computer program. Attached to this Complaint as **Exhibit 8** is a copy of a WHOIS database search in which Defendant Carolina Internet, Ltd. is identified as the owner of the <www.caro.net> domain name.

45. Defendants' websites also use Plaintiff Nexcess.net L.L.C.'s **NOCWorx** mark without Plaintiff Nexcess.net L.L.C.'s consent or permission. Attached to this Complaint as **Exhibit 9** is a screen print of a webpage an example of Defendants unlawful use of the **NOCWorx** mark.

46. Finally, Defendants have placed copyright management information on their websites in the form of a copyright notice which identifies Defendant Caronet Managed Hosting, Inc. as the copyright owner.

47. Defendants also removed Plaintiffs' copyright management information. Attached to this Complaint as **Exhibit 10** is a screen print from Defendants' website demonstrating one

instance where Defendants illegally replaced Plaintiffs' copyright management information with their own.

## COUNT ONE
## COPYRIGHT INFRINGEMENT OF REG. NO. TX 7-063-730 (17 U.S.C. § 501)

48. Plaintiffs Nexcess.net L.L.C. and NOCWorx L.L.C re-allege the preceding paragraphs as if fully set forth here.

49. The copyrighted **NOCWorx** computer program Reg. No. TX 7-063-730 is an original work created by Plaintiff Nexcess.net L.L.C.

50. Plaintiff Nexcess.net L.L.C. owns the copyrights to **NOCWorx** computer program Reg. No. TX 7-063-730.

51. Plaintiff Nexcess.net L.L.C.'s **NOCWorx** computer program Reg. No. TX 7-063-730 is subject to protection under the Copyright Act, 17 U.S.C. § 101, *et seq.*

52. Plaintiff Nexcess.net L.L.C. has complied with all aspects of copyright law prior to bringing this action, and secured the exclusive rights and privileges in the copyrights for **NOCWorx** computer program Reg. No. TX 7-063-730, including receipt from the Register of Copyrights of the certificate of registration identified above, which is attached to this Complaint as **Exhibit 1**.

53. Defendants have infringed Plaintiff Nexcess.net L.L.C.'s copyrights to the **NOCWorx** computer program Reg. No. TX 7-063-730 under 17 U.S.C. § 501 through copying, making derivatives, and using the copies and/or derivatives on their websites.

54. Defendants' infringement has been willful.

55. Defendants' acts will continue and will cause irreparable harm to Plaintiff Nexcess.net L.L.C. unless restrained by the Court.

56. There is no adequate remedy at law to compensate Plaintiff Nexcess.net L.L.C. for the continuing and irreparable harm.

## COUNT TWO
## COPYRIGHT INFRINGEMENT OF REG. NO. TX 7-076-665 (17 U.S.C. § 501)

57. Plaintiffs Nexcess.net L.L.C. and NOCWorx L.L.C re-allege the preceding paragraphs as if fully set forth here.

58. The copyrighted **NOCWorx** computer program Reg. No. TX 7-076-665 is an original work created by Plaintiff NOCWorx L.L.C.

59. Plaintiff NOCWorx L.L.C. owns the copyrights to **NOCWorx** computer program Reg. No. TX 7-076-665.

60. Plaintiff NOCWorx L.L.C.'s **NOCWorx** computer program Reg. No. TX 7-076-665 is subject to protection under the Copyright Act, 17 U.S.C. § 101, *et seq.*

61. Plaintiff NOCWorx L.L.C. has complied with all aspects of copyright law prior to bringing this action, and secured the exclusive rights and privileges in the copyrights for **NOCWorx** computer program Reg. No. TX 7-076-665, including receipt from the Register of Copyrights of the certificate of registration identified above, which is attached to this Complaint as **Exhibit 4**.

62. Defendants have infringed Plaintiff NOCWorx L.L.C.'s copyrights to the **NOCWorx** computer program Reg. No. TX 7-076-665 under 17 U.S.C. § 501 through copying making derivatives, and using the copies and/or derivatives on their websites.

63. Defendants' infringement has been willful.

64. Defendants' acts will continue and will cause irreparable harm to Plaintiff NOCWorx L.L.C. unless restrained by the Court.

65. There is no adequate remedy at law to compensate Plaintiff NOCWorx L.L.C. for the continuing and irreparable harm.

## COUNT THREE
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202)

66. Plaintiffs Nexcess.net L.L.C. and NOCWorx L.L.C re-allege the preceding paragraphs as if fully set forth here.

67. Plaintiffs placed copyright management information in the form of a copyright notice such that it would appear to viewers of websites that use Plaintiffs' copyrighted **NOCWorx** computer programs.

68. Defendants removed the Plaintiffs' copyright management information.

69. Defendants put their own copyright management information on their websites in the form of a copyright notice which identifies Defendant Caronet Managed Hosting, Inc. as the copyright owner.

70. Plaintiffs did not authorize the removal of their copyright management information from Plaintiffs' copyrighted **NOCWorx** computer programs.

71. Plaintiffs did not authorize the distribution, use, and/or display of their copyrighted **NOCWorx** computer programs without the copyright management information.

72. Defendants have distributed, used, and/or displayed Plaintiffs' copyrighted **NOCWorx** computer programs despite knowing that the copyright management information had been removed.

73. Defendants' acts have been willful.

74. Defendants' acts will continue and will cause irreparable harm to Plaintiffs unless restrained by the Court.

75. There is no adequate remedy at law to compensate Plaintiff NOCWorx L.L.C. for the continuing and irreparable harm.

## COUNT FOUR
## LANAHAM ACT – TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

76. Plaintiffs Nexcess.net L.L.C. and NOCWorx L.L.C re-allege the preceding paragraphs as if fully set forth here.

77. Defendants have used and upon information and belief are continuing to use Plaintiff Nexcess.net L.L.C.'s federally registered **NOCWorx** mark in interstate commerce in connection with their commercial use of Plaintiffs' copyrighted **NOCWorx** computer programs.

78. Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive consumers.

79. Defendants' acts have been willful.

80. Defendants' acts have and will continue to cause irreparable harm to Plaintiff Nexcess.net L.L.C. unless restrained by the Court.

81. There is no adequate remedy at law to compensate Plaintiff Nexcess.net L.L.C. for the continuing and irreparable harm.

## COUNT FIVE
## LANHAM ACT – UNFAIR COMPETITION (15 U.S.C. § 1125)

82. Plaintiffs Nexcess.net L.L.C. and NOCWorx L.L.C re-allege the preceding paragraphs as if fully set forth here.

83. Defendants have used and upon information and belief are continuing to use Plaintiff Nexcess.net L.L.C.'s **NOCWorx** mark in interstate commerce in connection with their commercial use of Plaintiffs' copyrighted **NOCWorx** computer programs.

84. Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff Nexcess.net L.L.C, or as to the origin, sponsorship, or approval of Defendants' commercial activities with another.

85. Defendants' acts have been willful.

86. Defendants' acts have and will continue to cause irreparable harm to Plaintiff Nexcess.net L.L.C. unless restrained by the Court.

87. There is no adequate remedy at law to compensate Plaintiff Nexcess.net L.L.C. for the continuing and irreparable harm.

## COUNT SIX
## COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

88. Plaintiffs Nexcess.net L.L.C. and NOCWorx L.L.C re-allege the preceding paragraphs as if fully set forth here.

89. Plaintiff Nexcess.net L.L.C. owns and enjoys exclusive common law rights to its **NOCWorx** mark.

90. Defendants' use of Plaintiff Nexcess.net L.L.C.'s **NOCWorx** mark constitutes unfair competition and infringement of Plaintiff Nexcess.net L.L.C.'s common law trademark rights within the state of Michigan in violation of Michigan common law.

91. Defendants' acts have been willful.

92. Defendants' acts have and will continue to cause irreparable harm to Plaintiff Nexcess.net L.L.C. unless restrained by the Court.

93. There is no adequate remedy at law to compensate Plaintiff Nexcess.net L.L.C. for the continuing and irreparable harm.

## COUNT SEVEN
## VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

94. Plaintiffs Nexcess.net L.L.C. and NOCWorx L.L.C re-allege the preceding paragraphs as if fully set forth here.

95. Defendants' unauthorized use of Plaintiff Nexcess.net L.L.C.'s **NOCWorx** mark constitute "[u]nfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce" in violation of Michigan's Consumer Protection Act, M.C.L. § 445.903.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs NEXCESS.NET L.L.C. and NOCWORX L.L.C. ask this Court to:

A. enter judgment in Plaintiffs' favor and against Defendants;

B. find that Defendants have willfully and deliberately committed acts of copyright infringement in violation of 17 U.S.C. § 501, and are jointly and severally liable to Plaintiffs for such violations;

C. find that Defendants have willfully and deliberately removed copyright management information in violation of 17 U.S.C. § 1202, and are liable to Plaintiffs for such violations;

D. find that Defendants have committed trademark infringement in violation of 15 U.S.C. § 1114, and are liable to Plaintiffs for such violations;

E. find that Defendants have willfully and deliberately committed federal unfair competition in violation of 15 U.S.C. § 1125(a), and are liable to Plaintiffs for such violations;

F. find that Defendants have willfully and deliberately committed common law unfair competition, and are liable to Plaintiffs for such violations;

G.	find that Defendants have willfully and deliberately committed common law trademark infringement, and are liable to Plaintiffs for such violations;

H.	find that Defendants have willfully and deliberately violated the Michigan Consumer Protection Act, and are liable to Plaintiffs for such violations;

I.	enter an Order preliminarily and permanently enjoining Defendants, their agents, servants, and employees, and any persons in active concert or participation with them, from further infringement of Plaintiffs copyrights;

J.	enter an Order preliminarily and permanently enjoining Defendants, their agents, servants, and employees, and any persons in active concert or participation with them, from distributing Plaintiffs' works with copyright management information removed;

K.	enter an Order preliminarily and permanently enjoining Defendants, their agents, servants, and employees, and any persons in active concert or participation with them, from directly or indirectly infringing Plaintiff Nexcess.net L.L.C.s' **NOCWorx** mark, or any variation thereof, or any mark confusingly similar thereto, in connection with any goods or services;

L.	award actual or statutory damages for Defendants' violations of 17 U.S.C. § 501, at Plaintiffs' election;

M.	award actual or statutory damages for Defendants' violations of 17 U.S.C. § 1202, at Plaintiffs' election;

N.	award Plaintiffs their costs in this action, including an award of its attorney fees under 17 U.S.C. § 505;

O.	award Plaintiffs their attorney fees under 17 U.S.C. § 1203;

  P. order the impoundment and destruction of infringing articles under 17 U.S.C. §§ 503 and 1203(b)(6);

  Q. award Plaintiffs (1) Defendants' profits, (2) any damages sustained by Plaintiffs, and (3) the costs of this action as permitted under 15 U.S.C. § 1117(a);

  R. award Plaintiffs three times the damages due to Defendants' willful and deliberate misconduct under 15 U.S.C. § 1117(a);

  S. determine that this case is exceptional under 15 U.S.C. § 1117(a), and award Plaintiffs their reasonable attorney fees; and

  T. award such other and further relief as the Court shall deem just and equitable.

**Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby request a trial by jury.**

Respectfully submitted,

Dated: October 26, 2010

 s/George T. Schooff
George T. Schooff (P45596)
Harness, Dickey & Pierce, P.L.C.
5445 Corporate Drive, Suite 200
Troy, Michigan 48098
Telephone: (248) 641-1600
Facsimile: (248) 641-0270
gtschooff@hdp.com

*Attorney for Plaintiffs*

15736888.1